UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEORGE A. SMALL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:24-cv-02084-JPH-CSW |
| STATE OF INDIANA, | ) ) ) |
| Respondent. | ) ) |

**ORDER DISMISSING HABEAS PETITION AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner George Small is a pretrial detainee presently confined at the Marion County Jail. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his pretrial detention related to Indiana case number 49D23-2405-CM-013977. This is the sixth such petition he has filed challenging his detention in that state matter. *See Small v. State of Indiana,* 1:24-cv-942-JRS-TAB, *Small v. State of Indiana,* 1:24-cv-01868-TWP-KMB, *Small v. State of Indiana,* 1:24-cv-02066-JRS-KMB, *Small v. State of Indiana,* 1:24-cv-02071-JRS-KMB, and *Small v. State of Indiana,* 1:24-cv-02072-MPB-KMB.

## I.     Rule 4 Dismissal

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

1

## II.  Background and Discussion

Mr. Small was arrested for residential entry and criminal trespass in May 2024 and charged in Indiana case number 49D23-2405-CM-013977. Dkt. 1 at 1. In his petition, he alleges that his right to a speedy trial has been violated, and he requests to be released and to receive $200 million. *Id.*

The Court takes judicial notice of the chronological case summary of case 49D23-2405-CM-013977, available at mycase.in.gov, which reflects that this matter is still pending given the trial court's recent determination that Mr. Small is incompetent to proceed to trial.

Mr. Small filed a habeas petition on June 3, 2024, challenging the same proceeding in *Small v. State of Indiana*, 1:24-cv-942-JRS-TAB. In that case, the Court explained that Mr. Small's petition must be dismissed because criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts only if they are raising speedy trial or double jeopardy claims. *Small v. State of Indiana*, 1:24-cv-942-JRS-TAB, dkt. 4 at 1-2 (S.D. Ind. June 7, 2024) (citing 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43, 49 (1971)); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973)). Mr. Small did not raise any cognizable claim, nor had he exhausted any claims in state court before filing his habeas petition in this Court. *Id.* Thus, the Court dismissed the petition without prejudice and entered final judgment. *Id.* at dkts. 4, 5.

After his case was dismissed, Mr. Small continued to file amended petitions and other frivolous motions. *Small v. State of Indiana*, 1:24-cv-942-JRS-TAB at dkts. 6, 8, 11, 14, 15, 19, 20. Ultimately, the Court issued a sanction wherein Mr. Small is restricted from filing any papers related to his pretrial detention in case number 49D23-2405-CM-013977. *See* dkt. 8.

Unlike in Mr. Small's previous habeas petitions, he does raise both speedy trial and double jeopardy claims in this petition and in the motions for writ of habeas corpus, dkt. [6], and motion for court assistance, dkt. [7].

But Mr. Small's petition must still be **dismissed** without prejudice. There is no indication that Mr. Small has filed a motion for a speedy trial in state court, or that he has exhausted either that issue or a double jeopardy claim by raising it in the Indiana Court of Appeals. Further, because he is currently incompetent to proceed to trial, his trial proceedings are at a standstill until his competence is restored. *See Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (holding dismissal to be appropriate where petitioner had not exhausted his speedy trial claims through state court remedies).

Further, Mr. Small's request for monetary damages is not cognizable in a habeas action.

In summary, Mr. Small's petition here must be **dismissed**. His claim for money damages is not cognizable, and his speedy trial and double jeopardy claims are unexhausted. The motion for writ of habeas corpus, dkt. [6], and motion for court assistance for writ of habeas corpus, dkt. [7], are **denied** because, like his original petition filed in this case, they concern unexhausted

3

claims. Because no reasonable jurist would disagree with the Court's resolution of this action, no certificate of appealability shall issue. 28 U.S.C. § 2253(c).

### III.   Conclusion

For these reasons, the motions at dkts. [6] and [7], are **denied**, and this action is **dismissed without prejudice** for failure to exhaust state court remedies and because a claim about money damages is not cognizable. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, the **clerk is directed** to send Mr. Small a copy of this Order to notify him that this matter has been dismissed without prejudice. Final judgment shall issue by separate order. No certificate of appealability shall issue.

Pursuant to this Court's order in *Small v. State of Indiana,* 1:24-cv-942-JRS-TAB, Mr. Small may no longer file any papers related to his pretrial detention in case number 49D23-2405-CM-013977 with the exception of a notice of appeal. That said, Mr. Small is notified that if he chooses to file a notice of appeal, he will have to pay a $605.00 filing fee, and he will only be able to proceed *in forma pauperis* if this Court determines that the appeal is not brought in bad faith. *Newlin v. Helman,* 123 F.3d 429, 434 (7th Cir. 1997) (overruled on other grounds by *Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000)).

**SO ORDERED.**

Date: 1/28/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GEORGE A. SMALL
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203